LEE LEVY & COMPANY, Defendant in Error, v. J. J. SMITH et al., Plaintiffs in Error.

Springfield Court of Appeals, July 7, 1910.

APPEAL AND ERROR: Motions: Bill of Exceptions: Dismissing Appeal from Justice Court: Exception Must be Taken. If a party wishes to complain on appeal of the action of the circuit court on any motion filed by him or the other party, he must except to the action of the court and preserve his exception by a bill of exceptions. So when the appeal of the defendant from a justice court has been dismissed on the motion of the plaintiff, and the defendant filed no bill of exceptions to the action of the court in dismissing the appeal, there is nothing before the appellate court to review.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*N. C. Hawkins* for defendant in error.

*Jere S. Gossom* for plaintiffs in error.

COX, J.—We gather from appellant's abstract of the record that this case originated before a justice of the peace in Pemiscot county, and that it reached the circuit court upon the appeal of defendant, J. J. Smith. That in the circuit court a motion was filed by plaintiff asking for a rule on the justice requiring him to correct the recitals of his docket and to file an amended transcript. That this motion was sustained and its requirements complied with. That plaintiff filed in the

circuit court a motion to dismiss defendant's appeal and that this motion was sustained. Plaintiff in error, defendant in this case, also recites in his abstract of the record a history of the proceedings before the justice of the peace, and his contention is that the justice acquired no jurisdiction of the person of defendant by reason of the fact that the summons issued by the justice of the peace was directed to the sheriff of the county and served by him instead of being directed to and served by the constable of the township. Defendant Smith sued out a writ of error in the St. Louis Court of Appeals and in obedience thereto the clerk of the circuit court of Pemiscot county certified to that court a record of the proceedings in this case as they appeared from the records of his office. From that we find that the following proceedings were had in the circuit court in this case. On July 15, 1907, plaintiff filed a motion for a rule on the justice requiring him to send up a true and correct transcript of the docket. On August 13, 1907, the court sustained plaintiff's motion for a rule on the justice by the following order:

"Comes now the plaintiff by attorney praying for a rule on the justice before whom this cause was tried requiring him to send up a true and correct transcript; which motion being now taken up and submitted to the court, is after being seen and considered, by the court sustained, and it is ordered by the court that said justice amend his transcript and docket, so that when amended it will show that, 'on April 1, 1907, when his cause was first called for trial, the defendant, present in person, or by attorney, entered their appearance and announced ready for trial.' "

And on the same day appears the following order:

"Comes now the justice of the peace in compliance with the rule of this court, and files his amended transcript herein; then come the defendants by attorney and file their motion praying the court to strike out the said amended transcript."

On August 14, 1907, plaintiff filed a motion to dismiss defendant's appeal.   On August 15th defendant filed a motion to dismiss plaintiff's cause of action.   On August 16th, the following entry of record was made:

"Come now the parties by their attorneys, and defendant's motion to strike out the amended transcript herein is taken up and submitted to the court, and the same is, after being seen and heard, by the court overruled; then come the defendants by attorney and file their motion praying the court to quash the proceedings herein, which being now taken up and submitted to the court, is, after being seen and heard, by the court overruled."

On August 16th we find also the following order of record.

"Come now the plaintiffs by their attorneys, and file their motion to dismiss the appeal taken in this cause from the lower court, which said motion being now taken up and submitted to the court, is after being seen and heard, by the court sustained.   It is therefore ordered by the court that the appeal in said cause be dismissed;   it is further ordered by the court that the clerk of this court shall certify the papers back to the justice from whence the appeal was taken with a certified copy of this order, there to be proceeded with according to law."

This is a synopsis of the entire record certified to the St. Louis Court of Appeals in obedience to the writ of error.   There was no bill of exceptions filed, hence, in determining this case we are confined to the record proper as above set out.

If there was anything in the proceedings to show that the justice of the peace had no jurisdiction, or if defendant wished to complain of any action taken by the circuit court either upon a motion filed by him or by plaintiff, these were all matters that could only be preserved by a bill of exceptions, and as no bill of exceptions was filed in this case there is nothing of that char-

acter before us to review. No exception was taken to
the action of the court in dismissing defendant's appeal
and when that appeal was dismissed his case went out
of that court, and as he took no exception to that action
of the court there is nothing before us which we can re-
view.

The judgment of the circuit court will be affirmed.
All concur.